# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | Criminal No. 2:18-cr-161-DBH |
|  | ) |  |
| ASHRAF B. ELDEKNAWEY, | ) |  |
|  | ) |  |
| Defendant | ) |  |

## ORDER ON PENDING MOTIONS

The defendant has filed four motions:

1. A motion to sever Count 1 from the 11-count Indictment against him (ECF No. 31);

2. A motion regarding a recorded conversation with a witness (ECF No. 32);

3. A motion for disclosure of confidential source (ECF No. 33); and

4. A motion for disclosure of exculpatory and impeachment information (ECF No. 34).

*Motion to Sever*

The Indictment (ECF No. 1) charges the defendant, a part-time tax preparer for some of Maine's immigrant community, with eleven counts of aiding and assisting in the preparation of false federal income tax returns in violation of 26 U.S.C. § 7206(2). Counts 2 through 11 charge the defendant with assisting seven identified (by their initials) individuals in claiming false or fraudulent self-

employment income that resulted in tax refunds to which they were not entitled. Count 1 charges him with the same conduct but with respect to an individual who actually was an undercover informant.[1]

The defendant concedes, as he must, that all the Counts initially were properly joined under Fed. R. Crim. P. 8(a), because that rule permits joinder if the offenses "are of the same or similar character," or "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The charges here satisfy these criteria: they are of the same or similar character; and they are part on the defendant's offering of these fraudulent services to immigrants in his tax preparation business.[2] But Fed. R. Crim. P.14(A) permits a judge to order severance of properly joined counts to avoid prejudice. That is the basis for the defendant's motion here to sever Count 1.

For elaboration of the standard for showing the necessary prejudice under Rule 14(a), the defendant's legal memorandum, Def.'s Mot. to Sever at 11, cites the First Circuit decision in United States v. Scivola, 766 F.2d 37, 41-42 ( 1st Cir. 1985) (internal citations omitted), as quoted in United States v. Matthews, 856 F. Supp. 2d 229, 234 (D. Me. 2012). Scivola and Matthews both state:

> Generally, there are three types of prejudice that may result from trying a defendant for several different offenses at one trial: (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convince him of a second offense, even though such proof would be

---

[1] I observe that Count 1 gives the initials of two taxpayers, but the parties agree that the undercover informant is the subject of Count 1. The second set of initials may be that person's spouse.

[2] As the defendant characterizes the charge in his legal memorandum, "the defendant engaged in a business wherein he submitted false claims with the underlying motive to gain favor in the immigrant community and, thereby, gain more business." Def.'s Mot. to Sever at 12 (ECF No. 31).

2

> inadmissible in a separate trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

The defendant argues that each of these three areas of prejudice affect him, Def.'s Mot. to Sever at 11, but his argument collapses them into two groups: "embarrassment and spillover" (factors 1 and 2), id.; and "desire to testify at one but not the other" (factor 3), id. at 13.

As for embarrassment and spillover, the defendant argues that for Counts 2 through 11 the evidence will be based on the testimony of the taxpayer witnesses, that it will be "subject to the recall of these folks," id. at 12, and "that each of these witnesses had a motive to place the blame on the defendant . . . . These folks, in order to receive tax refunds, apparently presented to the defendant claims that their income was such that they would receive a re[fund]. On the other hand, when these same folks without [the defendant's] assistance submitted claims to the State, their income was much lower. Both cannot be correct." Id. For Count 1, on the other hand, the undercover informant turned over to law enforcement the returns the defendant prepared; he did not receive any benefits from the State of Maine; and his meetings with the defendant were recorded. "The quantum of evidence in this count differs greatly from the say so of the other witnesses in the remaining count[s]. To permit the trial of this count with the others would create a spillover effect on the defendant's right to a fair trial." Id. at 13.[3]

---

[3] The defendant has not argued that he actually has conflicting defenses to the counts. See Matthews, 856 F. Supp. 2d at 234.

3

Certainly, the testimony of the undercover informant along with the recordings creates a strong case against the defendant on Count 1. But that evidence would be admissible against the defendant on Counts 2 through 11 even if I severed Count 1, because it is admissible under Fed. R. Evid. 404(b)(2) as evidence of intent and absence of mistake or lack of accident.[4] To be sure, it is compelling evidence of the defendant's intent and of a common scheme or plan for all the counts. That makes it prejudicial to the defendant, but not unfairly so. See Fed. R. Evid. 403; United States v. Cadet, 664 F.3d 27, 30, 33 (2d Cir. 2011) (admitting, under Rule 404(b)(2), evidence of the defendant's preparation of a tax return for an undercover agent).

As for his desire to testify on some but not all counts, the defendant would like the opportunity to exercise his Fifth Amendment right *not* to testify on Counts 2 through 11 because there he has arguments to challenge the memories and/or motivations of the taxpayers even without his own testimony. He implies, however, that he will be hard put to let the testimony of the undercover informant and the recordings concerning Count 1 stand, without some explanatory evidence from him, the defendant.[5]

---

[4] If the defendant requests, I could give a limiting instruction to the jury as to the bearing of the testimony about Count 1 on the other Counts.

[5] According to his memorandum:
> [T]he focus of the attack on the citizen witnesses necessarily differs greatly from the attack on the credibility of a government paid witness. Counsel realistically could choose to recommend to his client that he not testify regarding the claims made by the citizen witness. These witnesses could easily be said to have chosen to claim that their intentionally filing inconsistent claims regarding their income could be based upon their desire to claim that Mr. Eldeknawey was at fault for concocting false claims of income and, therefore, excuse themselves from admitting to either state or federal fraud. It could very easily be argued that the defendant would not need to testify if counsel chose rather to attack the credibility

*(continued next page)*

But that is not enough. The First Circuit has ruled consistently that on this third type of prejudice the defendant must make "a *convincing* showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. The defendant must offer sufficient information so that the court can weigh the considerations of judicial economy against the defendant's freedom to choose whether to testify as to a particular charge." United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008) (emphasis in original) (internal citations and quotations omitted); United States v. Jordan, 112 F.3d 14, 17 (1st Cir. 1997) (same). As the First Circuit noted in Scivola in finding an insufficient showing of prejudice, "defendant has not explained what testimony he would have given and how that testimony would have affected the jury's decision . . . ." 766 F.2d at 42. That is exactly the situation here. This defendant has not explained what testimony he wants to give on Count 1, and how that testimony will prejudice him on the other counts.

The defendant's motion to sever, therefore, is **DENIED**.

*Motion Regarding a Recorded Conversation*

In his second motion, the defendant requests an evidentiary hearing for me to determine whether the witness who recorded conversations for the FBI did

---

of the witnesses. Without a confession to explain, it would not be the first time that counsel chose not to place a client on the stand to raise a reasonable doubt.
   However, the nature of the defense as to Count 1 is entirely different. The defendant was recorded in two separate meetings with the [informant]. There are no other recordings consensual or otherwise of Eldeknawey and other taxpayers. It would be unfair for Mr. Eldeknawey to be put in the awkward and perhaps untenable choice of having to waive his rights as to Counts 2 through 11 so as to testify as to Count 1. Moreover, counsel rationally fears that the jury might give undue credibility to the citizen witnesses based on the recording and thereby believe if the defendant is guilty of the count involving [the informant], he must be guilty of the other counts as well.

Def.'s Mot. to Sever at 13-14.

so knowingly and voluntarily, citing 18 U.S.C. § 2511(2)(d) and 15 M.R.S.A. § 709(4)(C). Def.'s Mot. Regarding the Recorded Conversation (Def.'s Second Mot.) at 3. The government has responded by providing an FBI agent's sworn declaration that he was present on nine occasions when the witness was provided audio and video recording equipment in connection with this investigation; that the person engaged voluntarily each time; that the person was compensated for doing so and received instructions; and that he was not threatened, coerced or forced to engage in the operations. See Gov't Opp'n at 3-5 (ECF No. 36); id. Ex. A. The agent also attached two FBI protocols that purport to show that on February 26, 2015 (before the undercover operations began) and January 29, 2016 (during the undercover operations) the witness was reminded ("admonishments") that his assistance was "entirely voluntary." Id. Ex. B.

The parties seem to agree that the applicable law is that the person agreeing to the conversations' recording must do so voluntarily, and that it is the government's burden to show voluntariness. But they have given me no authority on whether that burden can be met by affidavit or requires an evidentiary hearing. The defendant's lawyers recently learned from the government the identity of this witness, but the parties have not told me. I presided at an earlier trial involving a different defendant facing different charges for conduct that occurred on the same store premises. United States v. Daham, et al, No. 2:17-cr-60-DBH (D-Me.). As a result, I probably know the identity of the witness. If it is the same witness, there is a transcript of his testimony at that trial and the circumstances of his engagement. Perhaps that, along with

the FBI agent's sworn declaration, is enough for this defendant; I do not know. The defendant has not filed a motion to suppress.

At this stage of the proceedings, therefore, I treat this motion as **NO ACTION NECESSARY** in light of the government's response. If more is needed, the defendant shall move accordingly. Moreover, at trial, the defendant is free to raise the voluntariness issue again.

*Motions for Disclosure of Confidential Sources and Exculpatory and Impeachment Information*

In light of the government's responses (ECF Nos. 37 & 38), the defendant's third and fourth motions (ECF Nos. 33 & 34) are **MOOT**.

**SO ORDERED.**

**DATED THIS 8TH DAY OF JULY, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**